U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 17 2016

TONY R. MOORE, CLERK
BY: _____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEMARCUS L. MORRIS, Plaintiff | CIVIL ACTION NO. 1:16-CV-328; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| WINN CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Demarcus L. Morris (#597148). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the David Wade Correctional Center in Homer, Louisiana. Plaintiff complains that his constitutional rights were violated when he was incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana.

Plaintiff was ordered to amend his complaint on May 3, 2016. (Doc. 4). The amended complaint was due June 2, 2016. To date, Plaintiff has failed to comply with the Court's order to submit an amended complaint.

A district court may dismiss an action for Plaintiff's failure to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 629-

630. Plaintiff failed to comply with the Court's order to amend his complaint, and the action should be dismissed.

For the foregoing reasons, **IT IS RECOMMENDED** that the § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

3

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _17th_ day of June, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge